In the Matter of the Claim of GILBERT GRANT, Respondent, v. FRONTIER OIL REFINING Co. et al., Appellants, and KENNETH HEINZ, Doing Business as KEN'S FRONTIER SERVICE, et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

In the Matter of the Claim of RICHARD YAEGER, Respondent, v. FRONTIER OIL REFINING Co. et al., Appellants, and KENNETH HEINZ, Doing Business as KEN'S FRONTIER SERVICE, et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, March 19, 1964.

*Salvatore M. Lo Monaco* for appellants.

*Carl Green* for Gilbert Grant, respondent.

*Tiernan & Borowiec* for Richard Yaeger, respondent.

*Williams, Williams, Volgenau & Tisdall* for Kenneth Heinz, respondent.

*Louis J. Lefkowitz, Attorney-General* (*Henriette Frieder* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

HERLIHY, J. These are two appeals from a decision of the board relating to the same accident and, except for the claimants, to the same parties. There is no issue as to accident or causal relationship.

The question is whether the claimants are employees of Frontier Oil Refining Company (hereinafter referred to as Frontier) or of Kenneth Heinz, doing business as Ken's Frontier Service (hereinafter referred to as Heinz).

Frontier, engaged in the gasoline and oil business, owned several service stations. In December, 1958 it entered into a lease with Heinz to operate one of these stations. A further agreement—known as a retail dealer's agreement—provided for the amount and price of gasoline to be purchased; the exclusive sale of Frontier's products and other *pro forma* clauses typical of such an agreement. At the time of the negotiations between the principals, it was understood that the operator of the station could do repair work on automobiles to augment his income. The claimants were employed at the station and were injured on January 21, 1959 as the result of a gasoline explosion which caused extensive burns to their bodies and faces.

The record establishes that the equipment used by Heinz in the repair business was not furnished by Frontier nor did it have control over the manner of operation of the business. The lease was terminable upon notice by either party.

Frontier did not hire the claimants nor did it exercise any control over their work, compensation or other associated relations ordinarily existing between employer and employee, including the right to discharge.

These facts were uncontradicted and the board found: "Frontier Oil Refining Company exerted sufficient control over the gas station and over Kenneth Heinz * * * as an agent in the employment of Frontier Oil Refining Company; that as such agent, Ken Heinz engaged the claimants as employees in the gas station and therefore as employees of Frontier Oil Refining Company."

This record, in our opinion, is devoid of any evidence to sustain the finding of the board that Heinz, a retail entrepreneur, was the agent of Frontier and that his employees, the claimants,

were employees of Frontier (cf. *Matter of Vance* v. *Hut Neckwear Co.*, 281 App. Div. 151, 155, 156). The use of the word " agent " by the board must be equated to that of " employee ".

Larson (Workmen's Compensation Law) (vol. 1, § 44) states: " The traditional test of the employer-employee relation is the right of the employer to control the details of the work. * * * The principal factors showing right of control are: (1) direct evidence of right or exercise of control; (2) method of payment; (3) the furnishing of equipment, and (4) the right to fire."

Applying these standards to the present facts, the written lease eliminates any direct evidence of right or exercise of control. The definite monthly payments of rent, pursuant to the lease, evidence no control; the equipment involved herein admittedly was not furnished by Frontier, and there was no right to discharge Heinz, or his employees, but only the right to terminate the lease. As to this facet of the contract, Larson (vol. 1, § 44.35, p. 656), states: " if he occupies the premises under a *bona fide* lease of substantial length, and (which is the normal corollary) if the agreement cannot be cancelled at will, the premises, in the possessory sense, become his own. His duty to maintain them becomes that of a lessee rather than an employee, and the certainty that the contract will run a definite time enables the lessee to build up a business of his own with some assurance."

*Matter of Chisamore* v. *Borden Co.* (279 App. Div. 700, mot. for lv. to app. den. 303 N. Y. 1012), cited in the board's brief, is not controlling. The question there was whether claimant was an employee of the farmer, the carpenter or Borden Company, and the board determined that he was an employee of Borden.

There being no substantial evidence to sustain the finding of the board, its determination that claimants were employees of Frontier should be reversed and the claim dismissed as to Frontier and its carrier. This ruling, of course, does not affect the claim filed against Ken's Frontier Service which the board may wish to reconsider upon remand with regard to the question of insurance coverage. (Workmen's Compensation Law, § 123; *Matter of Parella* v. *Harrod Steel Erection Co.*, 19 A D 2d 451.) That question is not before us on this appeal since no appeal was taken from that part of the board's decision which held that Heinz was not covered by the Nationwide Insurance Company at the time of the accident. Such question is not embraced within Frontier's appeal since Frontier is not a party aggrieved by the board's determination as to Nationwide (*Matter of Parks*

v. *Weaver,* 20 A D 2d 588, mot. for lv. to app. dsmd. 14 N Y 2d 481, on the ground that the appellants were not parties *aggrieved*).

The decision should be reversed, the claims against appellants Frontier Oil Refining Co. and Indemnity Insurance Company of North America dismissed, and the claims against respondents Kenneth Heinz, doing business as Ken's Frontier Service, and Nationwide Insurance Company remitted to the Workmen's Compensation Board.

GIBSON, P. J., REYNOLDS, TAYLOR and AULISI, JJ., concur.

Decision reversed, claims against appellants Frontier Oil Refining Co. and Indemnity Insurance Company of North America dismissed, and the claims against respondents Kenneth Heinz, doing business as Ken's Frontier Service, and Nationwide Insurance Company remitted to the Workmen's Compensation Board, with costs to appellants against the Workmen's Compensation Board.